[No. B026374. Second Dist., Div. Seven. Dec. 17, 1987.]

CHRISTY CORDOVA, Plaintiff and Appellant, v.
VONS GROCERY COMPANY, Defendant and Respondent.

**1528**

COUNSEL

Harris D. Himes for Plaintiff and Appellant.

Chase, Rotchford, Drukker & Bogust, Patrick A. Long and Kirstin H. Simonson for Defendant and Respondent.

OPINION

LILLIE, P. J.—This is an appeal from judgment dismissing an action, on the court's own motion, for delay in prosecution. (Code Civ. Proc., §§ 583.410, 583.420.)[1]

FACTS

On August 6, 1982, plaintiff filed a complaint against defendant seeking damages for personal injuries allegedly sustained when plaintiff slipped and fell in defendant's market.[2] On May 21, 1985, defendant filed its answer to

[1] All statutory references are to the Code of Civil Procedure.

[2] In its respondent's brief, defendant states that plaintiff did not effect service upon defendant until more than two and a half years after the complaint was filed. This assertion is unsupported by the record which does not show when defendant was served with process in this action.

the complaint. On June 19, 1986, an at-issue memorandum was filed wherein plaintiff estimated 10 days would be necessary for trial and requested a jury. Trial was set for January 8, 1987. Harris Himes, of the law firm Himes & Carlson, was plaintiff's trial attorney. On December 8, 1986, the date of the mandatory settlement conference, Mr. Himes was on active duty with the United States Marine Corps in West Germany. Accordingly, his law partner Robert Carlson appeared for plaintiff at the mandatory settlement conference. There, counsel was provided for the first time with the medical report of Dr. Michael Abdalla, who had conducted a defense medical examination of plaintiff in October 1986. The settlement conference was unsuccessful. On December 9, 1986, the day following the conference, Carlson caused a subpoena duces tecum to be served on Dr. Abdalla for the taking of his deposition on December 19, 1986, and gave notice of the taking to counsel for defendant. Thereafter, Carlson received a telephone call from William Rohr of the firm Chase, Rotchford, Drukker & Bogust which was substituted into the case as defendant's counsel only seven days before the mandatory settlement conference. Carlson informed Rohr that the firm which originally represented defendant had failed to provide discovery, to designate expert witness and to identify any witnesses to the accident in issue; Carlson therefore intended to make appropriate motions to limit defendant's evidence. Rohr told Carlson that defendant's expert Dr. Abdalla had been served with a subpoena and was angry because he had scheduled a skiing trip on the date fixed for his deposition. Rohr asked Carlson what they could do "to alleviate the situation regarding the doctor, the discovery and the expert designation." They agreed that Abdalla's deposition would be continued and that Rohr would designate experts and provide agreed-upon documents and witnesses; in return Carlson agreed to a continuance of the trial. Rohr agreed that it would be his responsibility to arrange for the continuance with the court.

On December 18, 1986, Rohr sent Carlson a stipulation continuing the trial to April 1987. From December 19-29, inclusive, Carlson was out of his office for the holidays. When he returned on December 30, 1986, he found the stipulation for continuance of trial; Carlson signed the stipulation and returned it to Rohr. On January 5, 1987, plaintiff's counsel received a message from defendant's counsel that the stipulation for continuance would be filed with the court that day.

At 9 a.m. on January 8, 1987, Mr. Himes for plaintiff, and an attorney from the Chase law firm other than Mr. Rohr for defendant, appeared in court. Himes explained that he was not ready to proceed because counsel had agreed to a continuance of the trial. The court replied that it, not counsel, has authority to provide for continuances; then, apparently construing Himes's remarks as a motion for continuance, the court denied the

motion. Himes offered to take the case off calendar in order to "keep [his] bargain" with defense counsel. The court refused to consent to this proposal and stated: "So you better maybe start talking about settling the case and get serious about this thing because I'm putting it up—It's going to go to trial." When proceedings resumed at 2:30 p.m. the court again insisted that the trial begin. Mr. Himes explained that plaintiff, his primary witness, lived in Northern California and would be unable to get to court until the following Monday. The court replied: "Nobody goes and has stipulated continuances here anymore, and so you know you are supposed to be ready to proceed on this thing. [¶] Nobody had jury fees posted. [¶] There has to be other witnesses that you can start calling. I mean you don't necessarily need your client, but this is a Thursday and to say you can't have them here until Monday. . . . [¶] This case is over four years old. This case was filed in August of '82, and you know if you are not ready on this thing—It's here for trial today, and I mean it has been here once before. The trial was continued, I think." The court then dismissed the action, without prejudice, for delay in prosecution.

On January 16, 1987, plaintiff filed a motion for reconsideration of the dismissal. The motion was supported by declarations and accompanying exhibits setting forth the facts summarized herein. The declaration of Robert Carlson added that until the date set for trial he believed Mr. Rohr had contacted the court and confirmed that the trial could be continued by stipulation or that if such was not the case Rohr would so notify Carlson; at all times Carlson believed that good cause existed for a continuance in that new attorneys for defendant had only recently entered the case; Carlson relied on Rohr's word that his office would arrange for a continuance and was surprised to learn on January 8, 1987, that the trial had not been continued. Defendant was served with notice of the motion, but filed no opposition to it. On February 11, 1987, plaintiff's motion for reconsideration of dismissal was denied.[3] On March 12, 1987, judgment of dismissal without prejudice was entered. Plaintiff appeals from the judgment.[4]

## DISCUSSION

### I

Before proceeding to the merits of the appeal, it is necessary to discuss the effect of the trial court's failure to give plaintiff notice of the

---

[3] The minute order denying motion for reconsideration reads: "1) Court rejected stipulated continuance because it was not on noticed motion. CRC 375(a) and Pomona East District rule 104(d). [¶] CRC requires concurrence of court in removal from active list. [¶] Plaintiff wasn't mislead [sic] because defendant [sic] counsel concurred in the request for continuance on day of trial."

[4] While the notice of appeal was filed before judgment was entered, we deem the notice to have been filed immediately after entry of judgment. (Cal. Rules of Court, rule 2(c).)

court's intention to dismiss on its own motion and an opportunity to be heard in opposition to the motion.

■ The court on its own motion may dismiss an action for delay in prosecution (§ 583.410)[5] provided that the plaintiff is afforded the same procedural rights he would have if the defendant had made the motion, i.e., notice and an opportunity to oppose. (*Andre* v. *General Dynamics, Inc.* (1974) 43 Cal.App.3d 839, 845-846 [118 Cal.Rptr. 95]; 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 203, p. 509.) "Obviously, where the court itself initiates a motion to dismiss, due process demands notice to the plaintiff adequate to defend against the charge of procrastination." (*Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 561, fn. 7 [194 Cal.Rptr. 773, 669 P.2d 9].) A defendant seeking to dismiss an action under the discretionary dismissal provisions must serve and file notice of motion "at least 45 days before the date set for hearing of the motion." (Cal. Rules of Court, rule 373(a).) ■ The trial court gave no notice, much less 45 days' notice, that it was initiating a motion to dismiss. No hearing on the court's sua sponte motion was ever noticed, announced or held. Instead, when plaintiff's counsel appeared on the date set for trial, the court dismissed the action after rejecting counsel's explanation of his inability to proceed to trial. It does not follow, however, that the unorthodox procedure employed by the court warrants reversal of the judgment of dismissal.

■ "The Fourteenth Amendment's guarantee of due process of law requires notice and an opportunity to be heard before an individual suffers governmental deprivation of a fundamental interest." (*Reed* v. *California Coastal Zone Conservation Com.* (1975) 55 Cal.App.3d 889, 895 [127 Cal.Rptr. 786].) The fundamental requisite of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. (*Vanelli* v. *Reynolds School Dist. No. 7* (9th Cir. 1982) 667 F.2d 773, 779-780; *Murden* v. *County of Sacramento* (1984) 160 Cal.App.3d 302, 311 [206 Cal.Rptr. 699].) ■ The dismissal became effective not on January 8, 1987, when the court orally announced that the action was dismissed, but upon entry of the judgment of dismissal on March 12, 1987. (See § 581d.) After the court determined to dismiss the action, plaintiff moved for reconsideration of such decision. On that motion plaintiff was given the opportunity to demonstrate to the court that the action should not be dismissed. Only after denial of the motion to reconsider was judgment of dismissal entered. Thus, a hearing was afforded plaintiff on the propriety of the dismissal before it became

---

[5]Section 583.410 reads: "(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case. [¶] (b) Dismissal shall be pursuant to the procedure and in accordance with the criteria prescribed by rules adopted by the Judicial Council."

effective; plaintiff was given the opportunity to be heard at a meaningful time and in a meaningful way. For purposes of due process, we consider it irrelevant that the hearing was given in conjunction with motion for reconsideration initiated by plaintiff rather than on motion to dismiss noticed by the court. The important factor is that plaintiff was given a hearing on the issue of dismissal before the action was dismissed.

We turn now to the merits of the dismissal.

## II

The trial court may dismiss an action for delay in prosecution if the action is not brought to trial within three years after it was commenced. (§ 583.420, subd. (a)(2)(A).) ▮ Plaintiff argues this action was improperly dismissed because there was no showing that defendant was prejudiced by plaintiff's failure to go to trial on January 8, 1987. In support of this contention plaintiff cites *Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019 [213 Cal.Rptr. 712], wherein it was stated: "We believe a case in which the defendant cannot demonstrate prejudice to be manifestly uncompelling. The drastic sanction of dismissal should be reserved for more egregious circumstances." (*Id.,* at pp. 1031-1032; see also *Troupe* v. *Courtney* (1985) 169 Cal.App.3d 930, 934 [215 Cal.Rptr. 703] [some showing of prejudice required before dismissal is considered as appropriate remedy for dilatory prosecution].) However, in *Blank* v. *Kirwan* (1985) 39 Cal.3d 311 [216 Cal.Rptr. 718, 703 P.2d 58], a decision subsequent to *Hurtado,* the Supreme Court held that even if a defendant has not been prejudiced by plaintiff's delay in prosecuting his case, under former section 583, subdivision (a) (predecessor of § 583.420) dismissal still may be proper. Said the court: " '[t]he legislative policy underlying section 583 is not grounded solely in prejudice caused by delay to a defendant. Its purpose, too, is to expedite the administration of justice by compelling every person who files an action to prosecute it with promptness and diligence.' [Citations.]" (*Blank* v. *Kirwan, supra,* 39 Cal.3d 311, 332.) That purpose, in turn, is subordinate to the policy favoring a trial on the merits as seen by the following language in section 583.130: "the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action . . . ."

In *Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342 [228 Cal.Rptr. 504, 721 P.2d 590], the Supreme Court recently discussed the various circumstances—plaintiff's diligence, prejudice to the defendant and the policy favoring disposition on the merits—which a trial court must consider in deciding whether to dismiss under former section 583. Quoting from *Wilson*

v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d 554, 561, the court stated: " ' "In passing upon the motion for an early and preferential setting, the court was not limited to a consideration of the single fact that the five-year period was about to expire but was required to view the total picture, · including the dilatory action of the plaintiff, the condition of the court's calendar, the rights of other litigants, and the prejudice to the defendant resulting from the delay. [Citations.] The action of the court on such a motion is tantamount to action upon a motion to dismiss for failure to prosecute within the two-year period prescribed by section 583 of the Code of Civil Procedure; in each instance the motion is addressed to its sound legal discretion; the motivating factors in the exercise of that discretion would be pertinent to both motions; and its decision 'will be disturbed only in cases of manifest abuse.' " ' " (*Id.,* at p. 561, quoting *Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254, 260 [10 Cal.Rptr. 314], italics deleted.)" (*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at p. 346; fn. omitted.) Later in the opinion the court stated: ". . . although the interests of justice weigh heavily against disposing of litigation on procedural grounds—a policy we reaffirm—that policy will necessarily prevail only if a plaintiff makes some showing of excusable delay." (*Id.,* at p. 347; fn. omitted.) ■ From *Salas* we conclude that a plaintiff, in order to avoid dismissal for delay in prosecution, must show a reasonable excuse for such delay; once he makes that showing, the trial court must consider all pertinent factors, including prejudice to defendant from the delay, before deciding whether or not to dismiss.

■ In December 1986 plaintiff was ready to go to trial the following month; plaintiff's counsel needed only the deposition of defendant's medical expert, Dr. Abdalla, and that deposition was set for December 19, 1986, more than two weeks before the trial date. Defendant concedes that it requested the stipulation to continue the trial. The continuance was agreed upon by counsel in order that Abdalla's deposition could be postponed (solely to accommodate him); another purpose of the continuance was to give defendant's counsel time to supply plaintiff with discovery and designation of experts, thereby enabling defendant to avoid the penalty of limitation of its evidence at trial. In short, the continuance was for defendant's benefit. On the date scheduled for trial (Jan. 8, 1987), plaintiff's attorney explained to the court that he was not prepared to go to trial because he relied on the agreement of defendant's counsel Mr. Rohr to have the trial continued. It is true, as the court pointed out, that a trial may not be continued by stipulation but only by a noticed motion. (See Cal. Rules of Court, rule 375(a).) However, in his declaration in support of the motion to reconsider dismissal, plaintiff's attorney Robert Carlson stated that he believed Rohr had contacted the court and confirmed that the trial could be continued by stipulation or, if it could not, Rohr would so notify Carlson.

Plaintiff thus presented a valid excuse for his inability to go to trial on the scheduled date. The trial court rejected that excuse. Instead, the court criticized plaintiff's attorney for attempting to secure a continuance by stipulation when in fact, under counsel's agreement, defendant's attorney was responsible for obtaining a continuance and it was he who resorted to a stipulation for that purpose rather than following the correct procedure of a noticed motion.

■ Once the plaintiff makes some showing of excusable delay, the trial court must "view the total picture" before deciding whether to dismiss for delay in prosecution. (See *Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d 342, 346.) Among the factors comprising the total picture are those enumerated in rule 373(e),[6] California Rules of Court, which the trial court must consider even if a dismissal is made on its own motion. (*Dockery* v. *Hyatt* (1985) 169 Cal.App.3d 830, 833 [215 Cal.Rptr. 488].) ■ The factors enumerated in rule 373(e) pertinent on this record are the diligence of the parties in prosecuting discovery or other pretrial proceedings, and the condition of the court's calendar. In his declaration in support of motion to reconsider, which was uncontradicted, plaintiff's attorney Mr. Himes stated that his office was diligent in the prosecution of the case, dealing extensively with experts in preparing for trial, propounding interrogatories and notices for production of documents, and filing motion to compel further responses. When plaintiff's attorney saw that no continuance had been obtained and that dismissal was imminent, he suggested that the case be taken off calendar. The court replied: "I have to consent to that. [¶] I'm not going to consent to it, no. They know better than that, and you know better than that." In denying plaintiff's request to take the case off calendar, the court gave no reason and apparently did not consider the condition of its calendar and the effect on the calendar of the proposed withdrawal and later restoration of plaintiff's action. The court seemed bent on the drastic step of dismissal. It insisted, on pain of dismissal, that the trial proceed on the date scheduled and rejected each alternative to dismissal proposed by plaintiff,

---

[6]Rule 373(e) provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

including a two-day delay in commencement of the trial in order to permit plaintiff (the chief witness in her own behalf) to travel from Northern California to Los Angeles.

While the prejudice to defendant resulting from delay in prosecution is not expressly mentioned in the factors enumerated in rule 373(e), it also must be taken into consideration in deciding whether to dismiss under section 583.420. (See *Rim Forest Lumber Co.* v. *Woodside Construction Co.* (1987) 190 Cal.App.3d 454, 464 [235 Cal.Rptr. 443].) The prejudice factor is totally lacking in the present case. There was no showing that defendant would have suffered prejudice from a delay in trying the case.[7] On the contrary, it appears the delay would have been to defendant's advantage inasmuch as its present attorneys were retained in December 1986, only a month before the scheduled trial date.

The reasons given by the court for dismissal were plaintiff's failure to post jury fees, the passage of more than four years between the filing of the complaint and the trial date, the invalidity of stipulated continuances, the granting of a previous continuance, and the court's conclusion that "plaintiff wasn't mislead [*sic*] because defendant [*sic*] counsel concurred in the request for continuance on day of trial." None of these reasons is valid. (1) Plaintiff's attorney explained to the court that he did not post jury fees because he did not think the case would go to trial on January 8, 1987. (2) Prejudice to defendant may not be presumed merely from protracted delay in prosecution (*United Farm Workers National Union* v. *International Brotherhood of Teamsters* (1978) 87 Cal.App.3d 225, 236 [150 Cal.Rptr. 761]). (3) As previously noted, the stipulated continuance was a device employed by defendant's counsel, not plaintiff's counsel. (4) The court merely noted that trial was continued once before; it does not appear whether the continuance was at the instance of plaintiff or defendant and thus it cannot be said that delay caused by the continuance was attributable to plaintiff. (5) The record does not show that defendant's counsel agreed to a continuance on the date set for trial; the court and Mr. Himes, appearing for plaintiff, were the sole participants in the colloquy which took place on that date.

"Although discretion is vested in the trial judge, that discretion is not unfettered. It cannot be exercised arbitrarily, but must be an impartial discretion to be exercised in conformity with the spirit of the law and in a manner to subserve the ends of substantial justice." (*City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 561 [133 Cal.Rptr. 212].) Plaintiff was diligent in preparing for trial and was not ready

---

[7] Even now, defendant makes no claim of prejudice.

to proceed to trial on the scheduled date only because of reliance on defendant's promise to arrange for a continuance to which plaintiff agreed at defendant's request. Further, no prejudice to defendant would have resulted from delay in commencement of the trial. Under these circumstances, we conclude that dismissal worked a miscarriage of justice and thus constituted an abuse of discretion. (See *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

### DISPOSITION

The judgment is reversed. Plaintiff shall recover costs on appeal.

Thompson, J., and Johnson, J., concurred.