[No. G004839. Fourth Dist., Div. Three. Nov. 29, 1988.]

NORMAN WONG, Plaintiff and Appellant, v.
E. JAN DAVIDIAN, Defendant and Respondent.

COUNSEL

John Kappos for Plaintiff and Appellant.

Redwine & Sherrill, Aklufi & Wysocki and David L. Wysocki for Defendant and Respondent.

OPINION

TAYLOR, J.*—Norman Wong appeals an order dismissing his contract breach and reformation action for failure to prosecute. (Code Civ. Proc., § 583.410 et seq.) He also challenges the court's award of attorney's fees and sanctions to defendant E. Jan Davidian. We affirm.

## 1. FACTS

Wong filed his complaint on February 8, 1982, and his first amended complaint three months later. Davidian responded with a general denial. Wong's first at issue memorandum was filed in May 1983. In September

---

* Assigned by the Acting Chairperson of the Judicial Council.

1983 he substituted in his present attorney. Thereafter the case slumbered for two years until September 1985 when Wong noticed a deposition.

In August 1986, four and one-half years after the action started, Davidian moved to dismiss the case under Code of Civil Procedure section 583.420, subdivision (a)(2)(A), for failure to prosecute within three years. Wong responded with a motion of his own to specially set the case for trial. At the motion hearing in September 1986, nobody appeared on Wong's behalf. The hearing was continued to the following month, at which time the court granted Davidian's motion to dismiss. In later hearings, Davidian was awarded attorney's fees and sanctions.

Wong attributes the delay in large part to the pendency of a related action in which Davidian was a cross-complainant. However, that action was concluded in May 1983 and cannot excuse the three- and one-half-year delay that followed. Wong further asserts extensive discovery was unnecessary because of the evidence developed in the related case; however, he concedes the taking of a broker's deposition was essential.[1] Wong noticed that deposition for September 1985 and various times thereafter, but each time the broker was unavailable. Wong offers no excuse for the almost two and one-half years between May 1983 and September 1985 when the case lay completely dormant.[2]

Davidian contends he has been prejudiced by the delay in that "the action relates to negotiations in the execution of a purchase and sale contract which is over six years old."

## 2. DISMISSAL

### a. *Discretion.*

■ Code of Civil Procedure section 583.420, subdivision (a)(2)(A), gives a court discretion to dismiss a case if the action is not brought to trial within

---

[1] The broker and his company were named as codefendants in Wong's first amended complaint. Those defendants were never served and Davidian additionally sought dismissal below on that ground. The court dismissed the action based on the alternative ground of Wong's failure to bring it to trial within three years.

[2] Wong notes there were still four months remaining for trial after the October 1986 hearing on his motion to specially set; he argues this was sufficient preparation time, citing *Campanella* v. *Takaoka* (1984) 160 Cal.App.3d 504 [206 Cal.Rptr. 745] and *Kotoff* v. *Efseaff* (1985) 172 Cal.App.3d 991 [218 Cal.Rptr. 499]. In *Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 346 [228 Cal.Rptr. 504, 721 P.2d 590], our Supreme Court disapproved *Campanella* and *Kotoff* "to the extent they conclude that a court exercising its discretion on a motion for special trial preference may not consider the plaintiff's lack of diligence or prejudice to the defendant once the five-year bar is imminent."

three years of its commencement. The party complaining bears the burden of establishing an abuse of discretion. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58].)

In ruling on a section 583.420, subdivision (a)(2)(A), motion a court must consider all relevant matters, including the parties' diligence in pursuing discovery, the pendency of other litigation which may have a bearing on the case, and "whether the interests of justice are best served by dismissal or trial of the case . . . ." (Cal. Rules of Court, rule 373(e).)

A court is to be guided by the policy favoring trial on the merits over dismissal for failure to prosecute with reasonable diligence. (Code Civ. Proc., § 583.130; Cal. Rules of Court, rule 373(e).) However, "although the interests of justice weigh heavily against disposing of litigation on procedural grounds—a policy we reaffirm—that policy will necessarily prevail only if a plaintiff makes some showing of excusable delay. [Citations.]" (*Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d at p. 347; fn. omitted.)

■ A dismissal for dilatory prosecution will be more closely scrutinized on review than one denying the motion. (*Corlett* v. *Gordon* (1980) 106 Cal.App.3d 1005, 1012 [165 Cal.Rptr. 524]; *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 389-390 [38 Cal.Rptr. 693].) The trial court nevertheless exercises a wide discretion in ruling on such a motion, and its determination will be reversed only upon a showing of manifest abuse of discretion resulting in a miscarriage of justice. (*Blank* v. *Kirwan, supra,* 39 Cal.3d at p. 331; *Sanborn* v. *Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 416-417 [134 Cal.Rptr. 402, 556 P.2d 764]; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]; *Schumpert* v. *Tishman Co.* (1988) 198 Cal.App.3d 598, 603 [243 Cal.Rptr. 810]; *Longshore* v. *Pine* (1986) 176 Cal.App.3d 731, 736 [222 Cal.Rptr. 364]; *San Ramon Valley Unified School Dist.* v. *Wheatley-Jacobsen, Inc.* (1985) 175 Cal.App.3d 1050, 1054 [221 Cal.Rptr. 342].)

"The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court. [Citations.]" (*Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478-479.)

The concept that an appellate court should reweigh a trial court's exercise of discretion on a dismissal motion was expressed most fully in *Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019, 1027 [213 Cal.Rptr. 712], when the court reviewed the trial court's decision "as largely a question of law subject to plenary appellate scrutiny." (Fn. omitted.)

However, other cases have since noted that *Hurtado* runs counter to bind-ing authority in *Blank* v. *Kirwan, supra,* 39 Cal.3d at p.·331, and *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 561 [194 Cal.Rptr. 773, 669 P.2d 9], and should not be followed. (*Cubit* v. *Ridgecrest Community Hospital* (1987) 194 Cal.App.3d 1552, 1565-1566 [240 Cal.Rptr. 346]; *San Ramon Valley Unified School Dist.* v. *Wheatley-Jacobsen, Inc., supra,* 175 Cal.App.3d at pp. 1054-1055.) We agree, and decline to follow *Hurtado.*

We agree with the role of an appellate court as stated in *Bennett* v. *City of Los Angeles* (1970) 12 Cal.App.3d 116, 120 [90 Cal.Rptr. 749]: "[W]e must be constantly aware of the different functions performed by the superior court and ourselves. Unless, ultimately, each case of this nature is to be decided by the Court of Appeal as if no trial court had ever acted on the petition, we must be careful to preserve the area of the superior court's discretion and we must do this in fact, as well as in words. It is easy enough to give the appearance that the respective functions of the two courts are being preserved: all we need do is label as an 'abuse of discretion' any ruling with which we happen to disagree."

As stated in *San Bernardino City Unified School Dist.* v. *Superior Court* (1987) 190 Cal.App.3d 233, 241 [235 Cal.Rptr. 356], "[w]hile we may have ruled differently had we heard the motion, the appellate court may not substitute its own view as to the proper decision. [Citation.]" We must follow the admonition of our Supreme Court: "When the trial court has ruled on such a motion, ' "unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power." ' [Citations.]" (*Blank* v. *Kirwan, supra,* 39 Cal.3d at p. 331.)

■ Applying these principles to the facts of this case, we conclude there is substantial evidence of two and one-half years of unexcused delay to support the trial court's ruling. The trial court did not abuse its discretion in concluding Wong's delay in bringing his case to trial was unreasonable.

b. *Prejudice.*

Davidian's showing of prejudice was weak.

The courts remain divided on the issue of whether a discretionary dis-missal must be supported by an affirmative showing of prejudice. The *Hur-tado* line of cases held that the dismissal sanction cannot be imposed with-out a showing of actual prejudice. (*Hurtado* v. *Statewide Home Loan Co., supra,* 167 Cal.App.3d at p. 1030.) This court adopted that view in *Troupe* v. *Courtney* (1985) 169 Cal.App.3d 930, 934 [215 Cal.Rptr. 703].

However, the Supreme Court impliedly overruled that view in *Blank* v. *Kirwan, supra,* 39 Cal.3d 311, when it affirmed a discretionary dismissal despite no showing of actual prejudice. (*Id.,* at p. 332.) Other courts have noted that the *Hurtado* prejudice rationale is irreconcilable with *Blank,* and should not be followed. (See, e.g., *Freedman* v. *Pacific Gas & Electric Co.* (1987) 196 Cal.App.3d 696, 711 [242 Cal.Rptr. 8]; *Schumpert* v. *Tishman Co., supra,* 198 Cal.App.3d at pp. 605-606.) ■ We follow the rule implicit in *Blank* and later cases: Lack of prejudice to a defendant remains a valid consideration where the plaintiff has acted diligently from the outset; however, no affirmative showing of actual prejudice is necessary to be entitled to dismissal when the delay is unreasonable.

We concluded the trial court did not abuse its discretion in deciding Wong's delay was unreasonable. We therefore need not address the issue of prejudice.

### 3. ATTORNEY'S FEES

■ The trial court awarded Davidian $9,454.29 attorney's fees under Civil Code section 1717. That section provides at subdivision (a): "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party . . . shall be entitled to reasonable attorney's fees . . . ."

Wong's first amended complaint for *reformation and breach* essentially alleged Davidian, in selling his orthodontic practice to Wong, significantly overstated the value of the accounts receivable. Wong argues his action was solely for reformation of contract because the agreement misstated the value of the accounts receivable. He contends his action did not seek to enforce the contract, but merely sought to modify its terms to reflect the true intent of the parties. He thus concludes Civil Code section 1717 is inapplicable.

An award of attorney's fees under that section may be appropriate even where the plaintiff does not try to enforce the terms of a contract. Awards have been upheld even in cases where contracts were invalidated. (*Star Pacific Investments, Inc.* v. *Oro Hills Ranch, Inc.* (1981) 121 Cal.App.3d 447, 460 [176 Cal. Rptr. 546]; *Care Constr., Inc.* v. *Century Convalescent Centers, Inc.* (1976) 54 Cal.App.3d 701, 705 [126 Cal.Rptr. 761] [disapproved on another point in *Canal-Randolph Anaheim, Inc.* v. *Wilkoski* (1978) 78 Cal.App.3d 477, 496 [144 Cal.Rptr. 474]].) "[A]n action founded solely in contract which determines the enforceability of a contract is an 'action on a contract' within the purview of section 1717." (*Star Pacific*

*Investments, Inc., v. Oro Hills Ranch, Inc., supra,* 121 Cal.App.3d at p. 460.)

Wong cites *McKenzie v. Kaiser-Aetna* (1976) 55 Cal.App.3d 84 [127 Cal.Rptr. 275], in which a plaintiff was denied attorney's fees under Civil Code section 1717 because it was unclear under which legal theory he had prevailed. (55 Cal. App.3d at pp. 88-89.) The causes of action in *McKenzie,* however, included a tort claim for negligent misrepresention; here, both of Wong's counts were in contract. (*Id.,* at p. 89; see also *Perry* v. *Robertson* (1988) 201 Cal.App.3d 333, 335 [247 Cal.Rptr. 74] [section 1717 attorney's fees awarded where contract remedy was sought and obtained, even though tort and contract theories pleaded].)

The attorney's fees clause in the purchase and sale agreement was attached to and incorporated by reference in the original complaint, but it was not appended to the amended complaint. The clause provides: "In the event either party hereto shall commence an action against the other for the enforcement or breach of any of the terms and conditions of this Agreement, the party in whose favor final judgment shall be obtained shall be entitled to . . . reasonable attorney's fees." Wong argues the contractual clause was not pleaded and proved. However, "if the litigant so chooses, attorneys' fees permissible under section 1717 [may] be determined by the court as costs," thereby eliminating "the need to plead [them] as special damages." (*Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal.App.3d 227, 232 [136 Cal.Rptr. 549].)

We are satisfied that the attorney's fees clause in the contract between the parties is broad enough to encompass the award made by the trial court, and that it was not an abuse of discretion to make that award.

### 4. SANCTIONS

■ Finally, Wong contests the $458.75 sanctions award imposed against his counsel under Code of Civil Procedure section 128.5. That section permits a court to order a party or his attorney to pay reasonable expenses "incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 128.5, subd. (a).) "An order imposing expenses [must] be in writing and . . . recite in detail the conduct or circumstances justifying the order." (Code Civ. Proc., § 128.5, subd. (c).)

The award imposed against Wong's attorney was based on his failure to appear at, or to give notice of his inability to attend, the September 1986 hearing on Wong's motion to specially set the case for trial. The court's

order included "a finding . . . that the failure of plaintiff's attorney to notify both the Court and defendant's counsel of his failure or the circumstances of his failure, or his plan not to appear at the original hearing . . ., is inexcusable, and was an act in bad faith . . . which caused the defendant to incur attorneys fees for unnecessary legal service . . . ."

Wong's counsel challenges the court's finding his nonappearance was in bad faith, explaining he had been out of the country at the time of the hearing, but "had made arrangements with his client to obtain Orange County counsel to appear at the motion, and believed that this had been taken care of." Wong's counsel apparently did not arrange for substitute counsel himself because of the inconvenience of doing so from his Stockton, California office.

Sanctions under Code of Civil Procedure section 128.5 were upheld under similar circumstances in *In re Marriage of Gumabao* (1984) 150 Cal.App.3d 572 [198 Cal.Rptr. 90], which determined a trial court is empowered "to award attorney's fees as sanctions against an attorney who is aware of his inability to appear at the time set for trial, has an opportunity to but fails to take appropriate steps to notify opposing counsel of such inability, fails to adequately inform the court of the reasons for his delay in appearance, and fails to appear in court in accordance with his representations." (*Id.,* at pp. 573-574.) Here, Wong's counsel had not made affirmative representations he would appear in court; however, his failure to notify opposing counsel he would be out of town, and to personally or otherwise adequately arrange for substitute counsel, caused Davidian's counsel a needless commute from Riverside County.

This court and others have previously noted the ethical, privilege, and conflict problems inherent in a court's decision whether to impose sanctions on the client, the attorney, or both. (*Luke* v. *Baldwin-United Corp.* (1985) 167 Cal.App.3d 664, 668, 670 [213 Cal.Rptr. 654]; *Custom Craft Carpets, Inc.* v. *Miller* (1982) 137 Cal.App.3d 120, 123 [187 Cal.Rptr. 78].) To avoid placing counsel in an impossible conflict situation, commentators have suggested that, in most cases, the better practice is for the court to impose the sanctions against the client-party, and leave it to the client and their attorney to work out the ultimate responsibility between themselves. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (1988) § 9:245.) However, Weil & Brown note that it is clearly proper to sanction the attorney alone when the misconduct consists of action which was the attorney's sole responsibility—for instance, failure to appear at a hearing. (Weil & Brown, *supra,* at § 9:244.)

The trial court did not abuse its discretion in sanctioning the attorney's conduct.

The judgment is affirmed. Davidian shall recover costs on appeal.

Sonenshine, Acting P. J., concurred.

**WALLIN, J.,** Concurring and Dissenting.—I join in part 4 of the majority opinion affirming the imposition of sanctions on Wong's counsel. However I respectfully dissent from part 2. Because I would enforce the legislative policy favoring trial on the merits and return this case to the trial court for the setting of a trial date, I find it unnecessary to consider the attorney's fees issue.

I begin with the observation that the Legislature has specifically stated "the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action . . . ." (Code Civ. Proc., § 583.130.) This legislative direction was passed in 1984 in an apparent effort to head off the tendency of courts to use the dismissal statutes as a device to clear trial court calendars. The policy has been reaffirmed many times by our highest court. Recently in *Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478 [243 Cal.Rptr. 902, 749 P.2d 339] the Supreme Court reiterated the rule, saying, "It is the policy of the law to favor, *whenever possible,* a hearing on the merits. Appellate courts are much more disposed to affirm an order when the result is to compel a trial on the merits . . . ." (Italics added.)

To enforce the legislative mandate, trial court decisions granting dismissal must be more closely scrutinized than decisions favoring a determination on the merits. (*Cubit* v. *Ridgecrest Community Hospital* (1987) 194 Cal.App.3d 1552, 1565 [240 Cal.Rptr. 346]; *Luti* v. *Graco, Inc.* (1985) 170 Cal.App.3d 228, 232 [215 Cal.Rptr. 902]; *Visco* v. *Abatti* (1983) 144 Cal.App.3d 904, 909 [192 Cal.Rptr. 833].)

The majority notes there is no prejudice to Davidian from the delay. Indeed, Davidian most likely benefited from the passage of time. (See *Cordova* v. *Von's Grocery Co.* (1987) 196 Cal.App.3d 1526, 1535 [242 Cal.Rptr. 605, A.L.R.4th 1440].) His related lawsuit against another party is now resolved and he has presumably obtained discovery in that case which should assist him in defending against Wong's claims. Although a showing of prejudice is not necessarily required to grant dismissal, its absence is another reason for applying the fundamental policy favoring a trial on the merits. (See *Rim Forest Lumber Co.* v. *Woodside Construction Co.* (1987) 190 Cal.App.3d 454, 464 [235 Cal.Rptr. 443].)

Of course, the purpose of the three-year dismissal statute (Code Civ. Proc., § 583.420, subd. (a)(2)(A)) is not only to prevent prejudice to a

defendant but also " 'to expedite the administration of justice by compelling every person who prosecutes an action to prosecute it with promptness and diligence.' [Citation.]" (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58].) However, "[t]hat purpose in turn is subordinate to the policy favoring a trial on the merits." (*Cordova* v. *Von's Grocery Co., supra,* 196 Cal.App.3d at p. 1532; Code Civ. Proc., § 583.130.)

Fortunately for Davidian, Wong has not been particularly aggressive in the prosecution of his case. But the law does not require perfection. Wong has certainly demonstrated far more than minimal efforts to redress the alleged wrong as evidenced by Davidian's own claim for $9,454.29 in attorney's fees to defend the action.

I would reverse the judgment of dismissal.