[No. A053485. First Dist., Div. Five. Mar. 12, 1992.]

LINDA M. WAGNER, Plaintiff, v.
MARY JOYCE RIOS, Defendant and Respondent;
SUPERIOR NATIONAL INSURANCE COMPANY, Intervener and
Appellant.

COUNSEL

Laughlin, Falbo, Levy & Moresi and Clark W. Patten for Intervener and Appellant.

Low, Ball & Lynch and Mark C. Skilling for Defendant and Respondent.

## OPINION

**HANING, J.**—Appellant Superior National Insurance Company contends the court abused its discretion in dismissing its complaint in intervention in a personal injury action by plaintiff Linda M. Wagner against defendant/respondent Mary Joyce Rios under Code of Civil Procedure section 583.410.[1]

### PROCEDURAL HISTORY AND FACTS

On January 21, 1987, Wagner filed a personal injury action against respondent arising from a 1986 automobile accident. On February 11, 1987, appellant, Wagner's workers' compensation insurer, filed its complaint in intervention for reimbursement of benefits provided to Wagner. Respondent's answer to Wagner's complaint was served in April 1987. In December 1987 the court ordered the case to mandatory arbitration. (§ 1141.10 et seq.) In March 1988 the parties appeared for arbitration, but the case was dropped from arbitration after Wagner represented her medical condition was not stable. The following month the case was dropped from the civil active list by agreement of all parties. In September 1989 appellant participated in one deposition and exchanged interrogatories with one of the other parties, who is not identified.

On November 2, 1990, the trial court, on its own motion, notified the parties of its intent to dismiss the entire action pursuant to section 583.410 unless good cause was shown. In its opposition to the notice of dismissal, appellant contended that following the March 1988 removal of the case from the civil active list, "[f]urther medical discovery was conducted but circumstances were further clouded" by Wagner's involvement in a second automobile accident in December 1988. The declaration of appellant's attorney stated that Wagner underwent spinal fusion surgery in January 1990, and the first indication that her medical condition had stabilized was derived from a September 1990 vocational rehabilitation report.

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

Appellant was the only party to appear at the December 26 dismissal hearing, at which time the notice of dismissal was stricken. Thereafter, respondent moved for reconsideration of the order striking the notice of dismissal because she had no notice of the hearing date. Appellant conceded respondent had received improper notice and agreed to a de novo hearing on the matter. Between December 26, 1990, when the court set aside the dismissal, and the March 1, 1991, renewed dismissal hearing, no at-issue memorandum was filed.

At the dismissal hearing, appellant argued that its delay in prosecution was due to a desire to conclude Wagner's subsequently filed personal injury action against a different defendant arising from a more recent auto accident which allegedly worsened Wagner's condition. The second case was settled. The court dismissed the entire action, including appellant's complaint in intervention, stating in its memorandum of decision, that "there appears to be little or no activity on the part of plaintiff to bring the case to trial . . . . [¶] Plaintiff has given no compelling reasons for the inaction."

### DISCUSSION

 Appellant contends that because it and Wagner have independent claims, the court erred in dismissing its complaint in intervention based only on a finding that Wagner did not diligently prosecute her case.

A trial court has discretion to dismiss an action for delay in prosecution (§ 583.410, subd. (a)) when the action is not brought to trial within three years after it is commenced (§ 583.420, subd. (a)(2)(A)), or two years after it is commenced if the Judicial Council adopts rules for such dismissal due to the condition of the court calendar or for other reasons affecting the conduct of litigation or the administration of justice. (§ 583.420, subd. (a)(2)(B).) Dismissal pursuant to section 583.410 must be made in accordance with the criteria prescribed in California Rules of Court, rule 373(e).[2] (§ 583.410, subd. (b).) The factors to be considered under rule 373(e) include: (1) The extent to which the parties engaged in settlement negotiations or discussions; (2) the diligence of the parties in pursuing discovery or other pretrial proceedings, including extraordinary relief; (3) the nature and complexity of the case; (4) the law applicable to the case; (5) the nature of any extensions of time or other delay attributable to either party; (6) the availability of an earlier trial date if the matter was ready for trial; (7) whether the interests of justice are best served by dismissal or trial; and (8) any other fact or circumstance relevant to a fair determination of the issues.

 In order to avoid a dismissal for delay in prosecution, the plaintiff must show a reasonable excuse for such delay; once that showing is made,

---

[2]All further references to rules are to the California Rules of Court.

the trial court must consider all pertinent factors, including those under rule 373(e) and any prejudice to the defendant from the delay, before deciding whether to dismiss. (*Cordova* v. *Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1534-1535 [242 Cal.Rptr. 605]; *Rim Forest Lumber Co.* v. *Woodside Construction Co.* (1987) 190 Cal.App.3d 454, 464 [235 Cal.Rptr. 443].) However, where there has been a protracted and unexplained delay in prosecution, the defendant need not make an affirmative showing of prejudice. Prejudice is inferred from the delay itself. (*Trailmobile, Inc.* v. *Superior Court* (1989) 210 Cal.App.3d 1451, 1457 [259 Cal.Rptr. 100].) Appellate review is limited to the question whether the trial court abused its discretion in dismissing. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court. [Citations.]" (*Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478-479 [243 Cal.Rptr. 902, 749 P.2d 339].)

The complaint in intervention was filed on February 11, 1987, more than four years before its dismissal. During those four years appellant participated in one deposition and exchanged an unspecified number of interrogatories. No settlement discussions were held between the parties, appellant did not pursue arbitration of its complaint in intervention, and consented to drop its case from the civil active list after Wagner dropped her case from judicial arbitration. Thereafter, appellant failed to file an at-issue memorandum or otherwise prosecute its case. Appellant's delay in prosecution cannot reasonably be excused by any further injuries suffered by Wagner in a subsequent auto accident, since the settlement in the other case did not impair appellant's ability to move the instant case forward. In addition, no contention is made that respondent did anything to contribute to the delay in prosecution of appellant's case. She readily initiated discovery and was available for arbitration or trial.

We see no abuse of discretion.

Affirmed.

King, Acting P. J, and Low, J.,* concurred.

*Retired Presiding Justice of the Court of Appeal, First District, sitting under assignment by the Chairperson of the Judicial Council.