[No. G013806. Fourth Dist., Div. Three. Aug. 31, 1994.]

TUSTIN PLAZA PARTNERSHIP, Plaintiff and Appellant, v.
KEN WEHAGE et al., Defendants and Respondents.

**COUNSEL**

Stephen C. Chen for Plaintiff and Appellant.

Marvin Zinman for Defendants and Respondents.

**OPINION**

**SONENSHINE, J.**—Tustin Plaza Partnership contends the trial court abused its discretion by dismissing its lawsuit for failure to bring the action

to trial within three years after its commencement. (Code Civ. Proc., § 583.410 et seq.)[1] We affirm.

## I

Ken and Elizabeth Wehage (Wehage) entered into a 10-year lease with Tustin's predecessor in interest for the rental of commercial property. Two years later, on December 30, 1988, Tustin commenced the underlying action alleging Wehage's breach, but it waited two years and eleven months to serve the complaint. Wehage answered promptly and the parties filed at-issue memoranda seven months later. The only discovery was the service of interrogatories by both parties.

On August 12, 1992, Wehage filed a motion to dismiss for failure to prosecute, alleging more than three years had passed since the action was commenced and it had neither been set for trial nor conditionally settled. Tustin opposed the motion, citing the strong policy favoring disposition of an action on its merits and alleging Wehage had also failed to move the case along.

The court granted the motion. It found no excuse for the delay and a "presumption of prejudice" because almost four years had elapsed since the complaint was filed. Evidence of Tustin's attempts to mitigate its damages had grown stale and witnesses might be unable to recall relevant facts.

## II

We first note that but for this court's request for further briefing, this opinion would have dealt only with whether Tustin's delay in prosecuting the action was excusable. We therefore address this issue first.

The trial court has discretion to dismiss an action for delay in prosecution if the action is not brought to trial or conditionally settled within three years after the complaint is filed. (*Wong* v. *Davidian* (1988) 206 Cal.App.3d 264, 267-268 [253 Cal.Rptr. 675]; § 583.410 et seq. )[2] In making

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] Section 583.410 provides in part: "(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case." Discretion to dismiss has limits. Section 583.420 provides in part: "(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred: [¶] (1) Service is not made within two years after the action is commenced against the defendant. [¶] (2) The action is not brought to trial within the following times: [¶]

this determination the court is required to consider the various factors set forth in California Rules of Court, rule 373(e).[3]

Although California has a strong policy in favor of disposing of cases on their merits, this policy prevails only when the plaintiff makes a showing of excusable delay. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 347 [228 Cal.Rptr. 504, 721 P.2d 590].) "In order to avoid a dismissal for delay in prosecution, the plaintiff must show a reasonable excuse for such delay; once that showing is made, the trial court must consider all pertinent factors, including those under [California Rules of Court,] rule 373(e) . . . . [Citations.]" (*Wagner* v. *Rios* (1992) 4 Cal.App.4th 608, 611-612 [5 Cal.Rptr.2d 731].)

On appeal, we overturn the trial court's ruling only when there has been an abuse of discretion. (*Ladd* v. *Dart Equipment Corp.* (1991) 230 Cal.App.3d 1088, 1100 [281 Cal.Rptr. 813].) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court. [Citations.]" (*Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478-479 [243 Cal.Rptr. 902, 749 P.2d 339].)

■■■ The delay was considerable. The complaint was not served until one month before dismissal was mandatory. (§ 583.210.) And although this is not a complex case, Tustin waited seven months after Wehage answered to file its at-issue memorandum.

Tustin maintains the fault lies with its initial attorney, who filed the action and remained the attorney of record until July 1992. Indeed, that attorney

(A) Three years after the action is commenced against the defendant unless otherwise prescribed by rule. . . ."

[3]California Rules of Court, rule 373(e) states: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

filed a declaration stating his heavy caseload prevented him from devoting the necessary time to the case. Attorney negligence, however, does not necessarily excuse diligent prosecution.[4] ■ "As a general rule an attorney's inexcusable neglect is chargeable to the client. [Citation.] Excepted from the rule are those instances in which the attorney's neglect is of that extreme degree amounting to positive misconduct, and the person seeking relief is relatively free from negligence; this exception is premised upon the concept the attorney's conduct, in effect, obliterates the existence of the attorney-client relationship. . . . However, delay alone does not constitute client abandonment or positive misconduct." (*Baccus* v. *Superior Court* (1989) 207 Cal.App.3d 1526, 1533 [255 Cal.Rptr. 781].)

■ Tustin simply cannot justify its delay. Wehage was living and working in Orange County. Tustin makes no allegations Wehage attempted to evade service; Tustin did not try to serve the complaint until almost three years after filing it. Further, there was little or no attention given to the action once the complaint was served.[5]

## III

■ Effective January 1, 1993, section 473 was amended to provide: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."[6]

---

[4]Tustin complains the trial judge failed to consider its attorney's declaration. The record does not support this allegation. Wehage's reply made specific and frequent references to the attorney's declaration. Moreover, at the hearing on the motion, the court zeroed in on this defense: "Would it be fair to say that the time was allowed to pass because of inattention by counsel? [¶] Let's just call it as it is."

[5]Tustin also complains the trial court erred in finding prejudice. Tustin misconceives the law. "[W]here there has been a protracted and unexplained delay in prosecution, the defendant need not make an affirmative showing of prejudice. Prejudice is inferred from the delay itself. [Citation.]" (*Wagner* v. *Rios, supra,* 4 Cal.App.4th at p. 612.)

[6]The amendment added dismissals to the orders qualifying for attorney-mistake relief. This was apparently in response to *Billings* v. *Health Plan of America* (1990) 225 Cal.App.3d 250, 256 [275 Cal.Rptr. 80], in which the court held that because the statute expressly referred to defaults and default judgments, the Legislature did not intend to provide relief from attorney-caused orders of dismissal under section 581.

Is the amendment applicable to this section 583.410 dismissal? In other words, may a party who is defending against a section 583 motion rely on the mandatory provisions of the amendment? The short answer is no.[7]

■ " ' "It is a generally accepted principle that in adopting legislation the Legislature is presumed to have had knowledge of existing . . . judicial decisions and to have enacted and amended statutes in the light of such decisions as have a direct bearing on them." ' [Citations.]" (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 727-728 [257 Cal.Rptr. 708, 771 P.2d 406].) Formerly, the reasons for relief pursuant to section 473 were generally applicable in dismissal-for-delay cases. (*Freedman* v. *Pacific Gas & Electric Co.* (1987) 196 Cal.App.3d 696, 705 [242 Cal.Rptr. 8].) Both were dependent "on the party being able to show excusable neglect and [both] implicate[d] the same opposing policies of encouraging diligence yet having cases resolved on their merits . . . ." (*Ibid.*)

■ In amending section 473, the Legislature displaced the trial court's discretion where attorney neglect caused default or dismissal. However, by failing to amend section 583.410 and its references to California Rules of Court, the Legislature left the trial court's discretion undisturbed in determining whether attorney neglect excuses the delay.

We must assume the Legislature, when amending section 473, understood two different standards would thereafter exist in evaluating attorney neglect: discretion pursuant to California Rules of Court formulae for section 583.410 determinations of whether to grant a dismissal, and a no-questions-asked policy for relief from default or dismissal under section 473.

Different standards make sense. A rule allowing attorney neglect to *automatically* excuse delay would totally undermine the public policies underlying section 583.410: " [T]o promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. [Citations.] Secondly, . . . to compel reasonable diligence in the

---

[7]Because we find the newly enacted amendment to section 473 inapt, we need not consider whether it should be applied retroactively. However, we note the court in *Williams* v. *Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84, 104 [28 Cal.Rptr.2d 219] concluded, ". . . the 1992 amendment to section 473 is not retroactive and does not apply to dismissals entered prior to its effective date."

prosecution of actions, thereby expediting the administration of justice. . . ." (*Ladd* v. *Dart Equipment Corp.*, *supra*, 230 Cal.App.3d 1088, 1099, internal quotation marks omitted.)[8]

And even before the newly enacted amendment, differences existed between section 583 and 473 motions. While cases under both were similarly analyzed, section 473 relief was always viable only for a plaintiff who had *failed to oppose* a motion to dismiss, thus allowing a *belated* opposition to the underlying motion. "The cases reflect that this ha[d] always been the accepted relationship between section 473 and the various statutes permitting dismissal for lack of prosecution." (*Wilcox* v. *Ford* (1988) 206 Cal.App.3d 1170, 1176 [254 Cal.Rptr. 138].) The amendments to section 473 should have no effect on this relationship.

■ As noted in *Williams* v. *Los Angeles Unified School Dist.*, *supra*, 23 Cal.App.4th 84, 105, a "motion for relief from default [can] properly . . . be[] used to present new justification for failure to make a full and complete opposition to the dismissal motion. [Citation.] A motion for relief from default may not be used to merely amplify or supplement the evidence and arguments that were presented in opposition to the original motion to dismiss. [Citation.] The motion for relief from default in the instant case was merely a repeat of the original opposition to the motion for dismissal, to the extent that Williams refiled copies of the same declarations. The motion itself improperly requested relief from the original default in serving the summons and complaint and did not allege any default in responding to the motion to dismiss because none had occurred. The default in service had already been adjudicated and could not be reopened by these means." (Fn. omitted.) Such is our case. No new excuse was offered for the original delay.

Thus section 473 relief is still available for a section 583.410 dismissal, but only following a section 583.410 motion. ■ Section 473 originally eased the harsh impact on a *defendant* who *failed to respond* to an action; relief was available pursuant to the discretion of the court, allowing the defendant to respond to the complaint; the amendment makes this relief mandatory if caused by attorney neglect. The amendment now offers this same relief to a "defaulting" *plaintiff*, i.e., a chance to *respond* to an

---

[8]We note the recently decided *Fleming* v. *Gallegos* (1993) 23 Cal.App.4th 68 [28 Cal.App.4th 350], where the court concluded the doctrine of positive misconduct, i.e., that the negligence of the attorneys shall not be imputed to the client, is alive and well. If section 473 excused all section 583 attorney neglect there would be no need for the positive misconduct doctrine.

otherwise unopposed request for dismissal. However, relief to such a plaintiff is not a determination of the underlying action, i.e., the merits of the dismissal. That will be ruled upon at the hearing granted pursuant to the section 473 motion.[9]

 And, finally, we note no section 473 motion was filed. Indeed, the issue was not even raised below. Tustin has therefore "waived the right to argue that the 1992 amendment governs these proceedings by failing to raise it in the trial court. [Citation.] The motion before the trial court was expressly based upon the 'excusable neglect' standard and the amended statute was never brought to the attention of the trial court." (*Williams* v. *Los Angeles Unified School Dist.*, *supra*, 23 Cal.App.4th at p. 105.)

We conclude a plaintiff, as in the present case, who has had a "day in court" in a section 583.410 motion to dismiss is not allowed a second bite. An appeal is the only avenue for review. Any other analysis would lead to an absurd result. A plaintiff who failed to convince the trial court that the prosecution of the case was diligent would have the case dismissed. That same plaintiff could then jump back into court on a section 473 motion, accompanied by an attorney's affidavit of negligence, and have the case reinstated based on the same facts offered, but discarded, in the hearing on the request to dismiss. The Legislature cannot have intended such an absurd result.

Judgment affirmed. Wehage shall recover his costs on appeal.[10]

Sills, P. J., concurred.

**WALLIN, J.,** Concurring and Dissenting.—I concur in parts I, II and the result of the lead opinion. Part III is totally unnecessary, and involves a

---

[9]Indeed, the Legislature recognized section 583.410 dismissals can be set aside by a section 473 motion. It provided: "[T]his section shall not lengthen the time within which an action shall be brought to trial pursuant to Section 583.310." In other words, an attorney's negligently induced mandatory section 583.310 dismissal cannot be countenanced in a section 473 proceeding, but a section 583.410 motion may.

A parity between plaintiffs' and defendants' counsel provided the impetus for the 1993 amendment but not to the extent the discretionary dismissal statutes were affected by the legislation. (See Stats. 1992, ch. 876 (Assem. Bill No. 3296), § 4.) If the Legislature had really wanted to provide for *automatic* relief for discretionary dismissals, it would have amended section 583.410 accordingly. It did not, and we cannot rewrite that statute to insert what the Legislature omitted. (See § 1858 [office of judge is "simply to ascertain and declare what is in terms or substance" in the statute, "not to insert what has been omitted."].)

[10]Thirteen months after the notice of appeal was filed and one month before oral argument, Wehage filed a motion seeking to dismiss the appeal as untimely. His argument is as follows: California Rules of Court, rule 2(a)(b) and (d) mandates that to be timely, a notice of appeal from an order that does not expressly direct that a written order be prepared, signed, and filed,

contention not made before, or considered by, the trial court. In addition, it totally misreads the 1992 amendment to Code of Civil Procedure section 473. That amendment was obviously intended to place plaintiffs who are facing a discretionary dismissal on equal footing with defendants threatened with a default judgment. In both cases a party whose attorney is solely responsible for the neglect leading to dismissal or default is entitled to relief if the attorney declares the delay in prosecuting, or responding to, the lawsuit was due to his or her neglect.

In any event the issue is not before us. My learned colleague is simply eager to be the first in print with a discussion of the amendment. The issue might be interesting in a law review or at a meeting of trial lawyers. It does not belong in this case. Bernard Witkin has labeled this form of judicial eagerness "Have opinion, need case." (Witkin, Manual on Appellate Court Opinions (1977) § 85, p. 155. See *Gantt* v. *Sentry Insurance* (1992) 1 Cal.4th 1083, 1102 [4 Cal.Rptr.2d 874, 824 P.2d 680] (conc. and dis. opn. of Kennard, J.).)

---

must be filed within 60 days after the date the order is entered in the minutes of the trial court. This order was filed on December 11, 1992. It did not specify that a written order be prepared. The notice of appeal was not filed until February 10, 1993. and therefore is one day late. Wehage is wrong. Neither the facts nor the law supports his argument.

The facts are: The minute order directed Wehage to give notice. In fact, notice of ruling was filed on December 16, 1992. The minute order was *never* served on Tustin.

California Rules of Court, rule 2(a) and (d) provides in part: "[A] notice of appeal . . . shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk . . . of . . . 'notice of entry' . . . ; (2) 60 days after the date of service of . . . 'notice of entry' . . . ; or (3) 180 days after the date of entry of the judgment." The notice of appeal was timely because there was no mailing of the notice of entry by the clerk and Wehage filed it on the 16th.

Tustin has requested sanctions on this issue. We do not find them merited. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)