Filed 10/18/13  P. v. Shovey CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KEITH ALLEN SHOVEY,<br><br>        Defendant and Appellant. | E056139<br><br>(Super.Ct.No. FMB1200069)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Affirmed with directions.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Keith Allen Shovey claims that because he did not receive notice or a hearing prior to the trial court's imposition of a $500 appointed attorney compensation fee, it must be stricken. In the alternative, relying upon *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*), he asserts that there was insufficient evidence to support the order and that the matter must be remanded for a hearing on whether he has the ability to pay the fee. The People answer that defendant forfeited his right to notice and a hearing by failing to object below, but concede that the matter must be remanded for an ability to pay hearing on sufficiency of the evidence grounds. In a one-page letter reply brief filed March 21, 2013, appellate counsel asks us to "accept respondent's concession."

Because the trial court failed to provide defendant the notice and hearing required by Penal Code section 987.8, and because we find defendant's due process claim was not forfeited, we will remand the matter for the trial court to determine his ability to pay the disputed fee.

## FACTS AND PROCEDURAL HISTORY[1]

This appeal involves two cases. The first, FMB1000504, concerns a drug-possession offense committed on December 22, 2010. The second, FMB1200069, concerns a weapons possession offense committed on February 11, 2012. The issue

---

[1] Because there was no probation report, we take the underlying facts, in part, from the police reports.

presented does not turn on the facts of defendant's offenses, and we summarize them only briefly.

*FMB1000504*

On December 22, 2010, defendant was arrested while in possession of methamphetamine.

Five days later, on December 27, 2010, defendant signed an "Advisement of Legal Rights" form (Advisement). Paragraph 1 of the Advisement told defendant that he had a right to an attorney and that if he was unable to hire one the court would appoint one to represent him "without charge." The Advisement also stated, "I understand that at the end of this case the Court, after a hearing, will decide if I have the ability to pay for all or a part of the cost of my appointed attorney and will order me to pay what I can afford." Paragraph 2 of the Advisement told him that, while he had the right to represent himself, doing so was "almost always unwise" and warned that he might be unable to properly defend himself.

On January 4, 2011, defendant pled guilty to one count of possession of a controlled substance (Health and Saf. Code § 11377, subd. (a)), and admitted two prison priors (§ 667.5, subd. (b)).[2] In exchange for his plea, the court referred him to probation and to drug court. The minute order indicates that defendant was referred to probation for an investigation and report, but no report was filed. On January 21, 2011, defendant signed an Advisement identical to the one he had signed on December 27, 2010.

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

Eight months later, on August 15, 2011, defendant was granted 36 months of probation with terms and conditions. Term nine required that he "[n]either possess nor have under [his] control any dangerous or deadly weapons . . . ." After reading the terms, defendant confirmed his understanding and acceptance of each of them. Without any discussion of his financial status or the reasonableness of the proposed fee, the trial court ordered defendant to pay, among other fees and fines, a $500 "appointed counsel fee." Defense counsel did not object to any of the terms or fees.[3] There was no probation report and no discussion about defendant's financial status, but the minute order stated that the appointed counsel fee was "Based on the defendant's ability to pay . . . ."[4]

*FMB1200069*

On February 11, 2012, defendant was arrested while in possession of a fixed-blade knife concealed in his pocket.

On February 14, 2012, the court re-appointed the public defender for case number 1000504 and the next day, February 15, 2012, appointed the public defender to represent defendant in case number 1200069. On both days, defendant signed additional copies of

---

[3] Defendant does not challenge the appointed counsel fee order in the first case but, as the People point out, conditioning probation upon the payment of appointed counsel fees is prohibited in California. (*People v. Flores* (2003) 30 Cal.4th 1059, 1067, fn 5, and cases cited therein.) Accordingly, the attorney fee reimbursement ordered in case number FMB1000504 as part of defendant's terms and conditions of probation, is void.

[4] The court accepted pleas of seven defendants hearing at which defendant received his grant of probation. Of the seven, five were represented by deputy public defenders and two by a conflict panel attorney. In each of three of those cases the court also imposed a $500 appointed counsel fee without objection from counsel.

4

the same Advisement he had signed in FMB1000504 in December 2010 and August 2011.

This time defendant was (apparently) also given an "Advisement of Court Appointed Counsel Fees Notice" (the Notice).[5] The Notice told defendant he would be referred to a county financial officer for evaluation and, if he disagreed with the financial officer's finding that he could pay all or a part of the costs of his defense, he would be given the opportunity to request a hearing before the court. Like the Advisements, the Notice indicated that an order for attorney fees would be based on the *court's* determination of his ability to pay them.

On February 21, 2012, defendant admitted to carrying a concealed dirk or dagger in violation of section 21310. In exchange for his plea, the court sentenced him to an un-split total of five years eight months in "county jail prison" pursuant to subdivision (h)(5)(B) of section 1170. The court calculated the sentence as follows: five years for his convictions in case FMB1000504 (the aggravated term of three years for the principal [drug possession] count, plus one consecutive year for each prison prior); plus eight consecutive months (1/3 the midterm) for his section 21310 offense in case number FMB1200069.

As it had done in FMB1000504 on August 15, 2011, and again with no objection from defense counsel and no discussion of defendant's financial status, the court imposed a $500 appointed counsel fee.

---

[5] The Notice is not signed, dated, or initialed, so we cannot be certain on which date (if at all) defendant was given the Notice.

Throughout the proceedings in both cases, defendant was represented by attorneys from the Public Defender's office.

**DISCUSSION**

"'[P]roceedings to assess attorney's fees against a criminal defendant involve the taking of property, and therefore require due process of law, including notice and a hearing.'  [Citations.]"  (*People v. Phillips* (1994) 25 Cal.App.4th 62, 72.)  "The fundamental requisite of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.  [Citations.]"  (*Cordova v. Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1531 (*Cordova*).)

*Section 987.8*

In California, the procedure for determining a criminal defendant's ability to reimburse the county for the services of court-appointed counsel is outlined in section 987.8.  Subdivision (f) of the statute provides in relevant part: "Prior to the furnishing of counsel or legal assistance by the court, the court shall give notice to the defendant that the court may, *after a hearing*, make a determination of the present ability of the defendant to pay all or a portion of the cost of counsel.  The court shall also give notice that, *if the court determines that the defendant has the present ability*, the court shall order him or her to pay all or a part of the cost."  (Italics added.)

Subdivision (g)(2) defines "ability to pay" as the "overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him" based on, among other factors: the defendant's present financial position (§ 987.8, subd. (g)(2)(A)); his reasonably discernable financial position for the next six

6

months (§ 987.8, subd. (g)(2)(B)); and the likelihood that he will obtain employment within six months from the date of the hearing. (§ 987.8, subd. (g)(2)(C).)

<u>Notice</u>

Here, at the beginning of his case, via the Advisements and the Notice, defendant was told that he might later be required to pay for the costs of his defense. But while the Advisements encouraged him to accept appointed counsel by warning him of the pitfalls of self-representation, they also promised that he would be required to pay for his attorney only if the court determined that he had the financial ability to do so. Similarly, while the Notice told him he would be given the opportunity for a court hearing if he wished to dispute a finding by a county financial officer that he could pay part or all of defense costs, he was never sent for the predicate evaluation. None of these documents suggested that he should be prepared to present evidence regarding his financial status at any particular time or place; they simply embodied written promises of the procedures he could expect the court to follow at some point before requiring him to pay for his attorney. And he was never told that the court intended to impose a $500 attorney fee at the sentencing hearing, where he should be prepared to discuss his finances.

<u>Hearing</u>

There is no evidence in the record that defendant was given even a rudimentary hearing about his ability to pay attorney fees, much less a meaningful opportunity to be heard on the issue. There was no probation report, and defendant was never referred to a county financial officer for an evaluation. The court did not ask defendant about his present financial situation, his foreseeable financial situation for the next six months, or

his prospects for employment, and his attorney did not raise these questions. The court simply imposed the $500 fee without making or soliciting comment about its reasonableness or defendant's ability to pay it.

We conclude that defendant did not receive the notice and hearing regarding his ability to pay attorney fees required by section 987.8.

*Forfeiture*

The People do not disagree that defendant was denied the notice and hearing protections of section 987.8, but argue that his rights under the statute were forfeited by his attorney's failure to object to the fee at the time it was imposed. We disagree.

The People are correct that, generally, in the interests of fairness and judicial economy, only claims of error properly raised below and preserved by the parties are reviewable on appeal. (*In re Sheena K*. (2007) 40 Cal.4th 875, 880-881 (*Sheena K*).) "As we have observed on numerous occasions, ""'a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.''"" (*People v. McCullough* (2013) 56 Cal.4th 589, 593 (*McCullough*), quoting *Sheena K*.) "'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]' [Citations.]" (*Sheena K*. at p. 881.)

"However, neither forfeiture nor application of the forfeiture rule is automatic. [Citation.] Competing concerns may cause an appellate court to conclude that an objection has not been forfeited. [Citations.]" (*McCullough*, *supra*, 56 Cal.4th at p. 593.)

8

In our view, one of these "competing concerns" arises when appointed counsel fails to object to a fee that inures to counsel's own benefit or to the benefit of his or her employer. (*People v. Viray* (2005) 134 Cal.App.4th 1186, 1214 (*Viray*).) Under such circumstances, the attorney's conflict of interest essentially renders the client unrepresented and a client "cannot be vicariously charged with [his or her] erstwhile counsel's failure to object to an order reimbursing [his or her] own fees." (*Ibid.*)

Nor does the conflict disappear just because the attorney is a salaried employee of the state. "[T]he spectacle of an attorney representing a client in connection with an order requiring that client to pay for the attorney's services, *however attenuated the connection may be in fact*, carries the patent appearance of at least a vicarious adversity of interests." (*Viray*, *supra,* 134 Cal.App.4th at p. 1216, italics added.) Even a public defender whose paycheck does not directly depend upon his client's paying a fee should at least remind the court to conduct the financial-status hearing to which he knows the client is entitled.

The People attempt to distinguish *Viray* by noting that in that case the public defender asked the court to impose a hefty fee ($9,200), while here, on its own motion, the court imposed only a "generic" amount of $500. (*Viray, supra,* 134 Cal.App.4th at pp. 1213-1214.) But section 987.8 does not distinguish among fees based on the amounts imposed and does not exempt a "generic" fee from its mandates. The trial court is required to determine an individual defendant's "overall capability to reimburse the costs of the legal assistance provided to him" before any attorney fee is imposed. (§ 987.8, subd. (g)(2).) Some defendants might easily be able to pay a $500 fee, but the overall

9

financial capability of a destitute person might not support even that relatively modest amount.**6**

Throughout the proceedings in this case, not one of defendant's appointed attorneys raised the issue of notice or the ability to pay attorney's fees. There was no objection to the fee, no request for the court to inquire about defendant's finances or refer him to the county financial officer, and no reminder to the court that the client was entitled to an ability-to-pay hearing under the provisions of section 987.8.

In such a situation, "it is absurd to rely on the conduct of the attorney to impose a procedural forfeiture upon the client," and we decline to do so. (*Viray, supra,* 134 Cal.App.4th at p. 1216.)

*Substantial Evidence*

Relying, as does defendant, on *Pacheco*, the People nonetheless agree that the case should be remanded on sufficiency of the evidence grounds. We address this argument briefly to emphasize that, although it is true that the record contains no evidence regarding defendant's financial status, it is not on that basis that we remand the case.

---

**6** When a defendant is sentenced to state prison (virtually always for more than six months), a hearing is required to determine whether "unusual circumstances" might exist such that the presumption that he or she does not have the ability to pay defense costs might be overcome. (§ 987.8, subd. (g)(2)(B).) Defendant does not directly argue the point, but suggests that the presumption should apply to him because he was sentenced for a prolonged period in county jail. We do not address the question here because it is not necessary to a resolution of this case. However, we note that, relying upon the unambiguous "state prison" language of the statute and absent legislative direction, at least one appellate court has refused to extend the presumption to defendants sentenced to county jail instead of state prison under the Realignment Act. (*People v. Prescott* (2013) 213 Cal.App.4th 1473, 1478.)

In its recent decision concerning booking fees, the California Supreme Court unanimously disapproved the "substantial evidence" reasoning of *Pacheco* as a basis for failing to follow the waiver rule in most ability-to-pay determinations. (*McCullough, supra,* 56 Cal.4th at pp. 599-600.) Ability to pay, the Court pointed out, is largely a factual determination, and a defendant "may not 'transform . . . a factual claim into a legal one by asserting the record's deficiency as a legal error.' [Citation.] By 'failing to object on the basis of his [ability] to pay,' defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.' [Citations.]" (*McCullough* at p. 597, quoting *People v. Forshay* (1995) 39 Cal.App.4th 686, 689-690.)[7]

We remand this case not on the sufficiency of the evidence grounds disapproved in *McCullough*. We remand because we find that a "competing concern"—the appearance of a possible conflict of interest on the part of appointed counsel—means that defendant was denied due process rights to notice and a meaningful opportunity to be heard regarding his ability to pay attorney fees. Accordingly, his right to appeal the fee

---

[7] *McCullough* contrasted booking fee statutes (which specify no particular factors to be considered in assessing a defendant's financial status) with statutes like section 987.8, which provides procedural guidelines and factors to be considered at "a noticed hearing on whether a defendant should pay all or part of the cost of court-appointed counsel." (*McCullough, supra,* 56 Cal.4th at pp. 598-599; § 987.8, subd. (g)(2)(B).) The absence of these factors in the booking fee statutes, the Court said, suggests that the Legislature considers the financial burden of that fee to be "de minimus." (*McCullough* at pp. 598-599.) The Court thus implies that the Legislature does not consider attorney fees de minimus and has added safeguards to protect defendants from the imposition of onerous financial burdens without the opportunity to oppose those which they are unable to bear.

has not been forfeited.  (*McCullough, supra,* 56 Cal.4th at p. 593; *Cordova*, *supra*, 196 Cal.App.3d at p. 1531.)  Defense counsel may not remain silent while the court, without any inquiry about his client's ability to pay, orders the payment of the attorney's own fees.  (See *People v. Flores* (2003) 30 Cal.4th 1059, 1068 [remand is the proper remedy when the trial court fails to give a defendant the notice and hearing required by section 987.8]; accord, *McCullough* at p. 593.)

## DISPOSITION

The matter is remanded to the trial court with instructions to conduct a noticed hearing pursuant to the provisions of section 987.8 subdivisions (b) and (g), to determine defendant's ability to pay appointed counsel fees.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.


We concur:

McKINSTER
Acting P. J.

RICHLI
J.