Filed 2/5/25  Spears v. Anderson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| BRIAN SPEARS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JOHN ANDERSON,<br><br>Defendant and Respondent. | C096951<br><br>(Super. Ct. No. 34-2015-00181475-CU-BT-GDS) |

A plaintiff is required to bring a civil action to trial within five years after commencing it.  (Code Civ. Proc., §§ 583.310, 583.360 [statutory section citations that follow are to the Code of Civil Procedure unless otherwise set forth].)  The trial court must dismiss any action not timely brought to trial.  (§ 583.360, subds. (a), (b).)  Emergency rule 10 extended the time for bringing this action to trial by six months for a total of five years and six months.

1

The trial court dismissed this action because it was not brought to trial within five years and six months of its commencement plus additional time the court ordered tolled.

Pro. per. plaintiff Brian Spears contends the court abused its discretion in dismissing the action. He asserts the court erred by not tolling the five-year period for when it was impossible, impracticable, or futile to bring the action to trial and due to lack of prejudice to defendant John Anderson, equitable estoppel, his diligent prosecution of the action, the court's omission of an official tolling period, and the policy that cases should be resolved on their merits. Plaintiff also claims the court improperly entered judgment without first considering his motion for reconsideration and his objections to the proposed judgment.

We affirm the trial court's order.

FACTS AND HISTORY OF PROCEEDINGS

Plaintiff is incarcerated and has been at all relevant times. He filed this action on July 7, 2015. His second amended complaint, filed in March 2017, named as defendants defendant Anderson, plaintiff's estranged spouse Lauren Spears, Dean Kratzer, and other parties. Anderson is the only remaining defendant in the action. In 10 causes of action, plaintiff alleged the defendants had conspired to fraudulently deprive him of his interest in two community property assets: the family home and a four-plex. Defendant was the realtor and listing agent for the two properties. Kratzer held a first mortgage on the family home.

Defendant filed an amended answer in August 2017. From October 2017 to January 2019, the trial court resolved multiple motions to compel. Defendant filed a motion for summary judgment in January 2019. The trial court denied the motion.

Meanwhile, in December 2018, Kratzer filed a motion to dismiss the action due to not being served within three years. The trial court denied his motion. Kratzer then sought a writ of mandate from this court. We denied the petition on April 18, 2019.

2

Kratzer filed a demurrer to the second amended complaint in April 2019. As part of opposing the demurrer, plaintiff argued that Kratzer's actions had suspended the process for selecting a trial date. He asked the trial court to exclude from the five-year trial period the time the trial setting process had been suspended. In June 2019, the trial court sustained the demurrer with leave to amend. Responding to plaintiff's request to exclude time from the five-year deadline, the court stated, "Now is not the time for such a determination, nor will the court address it based on an opposition to a demurrer."

Plaintiff filed a third amended complaint in June 2019. Kratzer filed a demurrer challenging the new pleading, and in August 2019 the trial court sustained his demurrer without leave to amend. Plaintiff appealed the decision. A panel of this court affirmed the trial court's order. (*Spears v. Kratzer* (July 20, 2023, C090514) [nonpub. opn.].)

A number of case management conferences relating to what was left of plaintiff's complaint were set and continued from November 2018 through March 2020. In March 2020, rule 10 of the Emergency Rules Related to COVID-19 was adopted. It declared that for all civil actions filed before April 6, 2020, the time in which to bring the action to trial was extended by six months for a total time of five years and six months. As a result of this rule, the deadline for plaintiff to bring this action to trial was extended to January 7, 2021.

By letter dated June 5, 2020, the trial court notified plaintiff that due to the COVID-19 pandemic and resulting court closure, all case management conferences would be rescheduled to a later date. The court would notify plaintiff of the new date and time as soon as it determined the date.

By declaration filed December 14, 2020, plaintiff informed the trial court that his facility had been placed on quarantine and lock down, and he would be unable to appear at a hearing set for December 15. The hearing was for a motion to use a settled statement, presumably for plaintiff's appeal against Kratzer. The court continued the hearing to December 29. But by declaration filed December 28, plaintiff informed the

3

court that he had contracted COVID, was sequestered, and could not appear for the hearing. The trial court dropped the matter from calendar without prejudice.

By letter dated January 10, 2021, plaintiff asked the court whether the case management conference that had been canceled the preceding June had been rescheduled. The court replied by letter dated January 21, 2021, stating it would notify plaintiff when it had set a date.

In May 2021, plaintiff filed another motion to use a settled statement. The court returned the papers to plaintiff stating the motion was untimely filed under rule 8.137(c)(1) of the California Rules of Court.

In August 2021, the trial court notified plaintiff that it had scheduled a case management conference for September 24, 2021, in Department 38. Plaintiff informed the court and parties he could not attend the September 24 conference. Department 38 was not using CourtCall, which is how plaintiff had appeared in prior hearings. Plaintiff could attend a hearing only by the court ordering his facility to place plaintiff on the phone at the designated time. Alternatively, plaintiff asked for the conference to be continued to a date when the court could ensure his attendance.

The trial court continued the conference to January 14, 2022, and then to February 18, 2022. At the hearing, the court referred the case to trial setting process for selection of trial and mandatory settlement conference dates. It also continued the case management conference to March 4, 2022. It later continued the management conference to March 18, 2022. At the March 18 hearing, the court set the case for a mandatory settlement conference on June 15, 2022, and for trial on July 25, 2022.

On March 29, 2022, defendant filed a motion to dismiss the action under section 583.310 for its not being brought to trial within five years. The trial court granted the motion. The five-year period had been extended by six months under Emergency rule 10 and an additional 109 days for the time when the Sacramento County Superior Court had suspended civil trials due to the COVID-19 pandemic. As result, plaintiff was required to

4

bring this action to trial by April 26, 2021, which he had not done.  The court rejected plaintiff's arguments it should toll additional time periods because it was impossible, impracticable, or futile to bring the action to trial, and on the grounds of equitable estoppel and lack of prejudice.

Plaintiff timely filed a motion for reconsideration and served objections to the proposed judgment, but the trial court entered judgment before hearing the reconsideration motion.

DISCUSSION

I

*Tolling of Five-Year Time Period*

When calculating the five-year period within which an action must be brought to trial, the trial court must exclude any time in which bringing the action to trial was impossible, impracticable, or futile despite the plaintiff's reasonable diligence. (§ 583.340, subd. (c).)  For this tolling provision to apply, the plaintiff must show he had no control over the period of impossibility, impracticability, or futility.  (*Oswald v. Landmark Builders, Inc.* (2023) 97 Cal.App.5th 240, 247.)  This is so because the statute is designed to prevent avoidable delay.  (*Ibid.*)

Plaintiff contends the trial court abused its discretion by granting the motion to dismiss and by not tolling more time in which bringing the action to trial was impossible, impracticable, or futile.  He claims the court abused its discretion by not excluding an additional 1,352 days where bringing the action was out of his control and where (1) grounds for tolling existed because (a) the court had continued numerous hearings to give him more time to read the court's tentative rulings; (b) his incarceration rendered it impossible for him to comply with the court's rules for setting trials; and (c) the court allowed Kratzer to file untimely and frivolous motions after he evaded service and had to be served by publication.

5

Plaintiff also contends he was entitled to tolling because (2) defendant would suffer no prejudice from not dismissing the action; (3) equitable estoppel; (4) he prosecuted the action with diligence; (5) the court did not account for an additional tolling period; and (6) the case should have been heard on its merits in the interest of justice.

"As the question of impossibility, impracticability, or futility is ultimately a question of fact, it is 'best resolved by the trial court, which "is in the most advantageous position to evaluate these diverse factual matters in the first instance." [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the . . . exception.' [Citation.] The trial court must determine whether a plaintiff has shown a circumstance of impossibility, impracticability, or futility; a causal connection between that circumstance and failing to move the case to trial; and reasonable diligence in moving the case to trial at all stages of the proceedings." (*Oswald v. Landmark Builders, Inc., supra*, 97 Cal.App.5th at p. 247.) We review a trial court's decision to dismiss an action under section 583.310 for an abuse of discretion. (*Ibid*.)

A.    Grounds for tolling

1.    Continuances for tentative rulings and hearings

Local court rule 1.06 sets forth the tentative ruling system the trial court uses in civil law and motion matters. The tentative ruling is available after 2:00 p.m. the day before the hearing at the court's website or by calling the court. The party requesting oral argument is required to contact the court and the other parties by 4:00 p.m. the day before the hearing. (Super. Ct. Sacramento County, Local Rules, rule 1.06(A), (B).) Plaintiff states it was impossible for him as an incarcerated person to comply with these rules.

To give plaintiff the ability to read the tentative rulings and appear at the hearings, the court as part of its tentative rulings set a day for oral argument anywhere from one to

6

five weeks later and ordered plaintiff to be made available for the hearing. It also directed the clerk to fax a copy of the tentative ruling to plaintiff.

Plaintiff argues that the time taken for case continuances for him to participate may be tolled for purposes of section 583.310. He asserts that the continuances were beyond his control and thus the trial court erred by not tolling the additional time the continuances gave him. He claims the number of days resulting from these continuances totals 313.

The trial court ruled that the continuances to allow plaintiff to appear did not make bringing the action to trial impossible, impracticable, or futile. They did not stay the proceedings or prevent plaintiff from attempting to set the action for trial.

The trial court did not abuse its discretion in making this ruling. The continuances allowed plaintiff to participate fully in the legal process and actually bring the matter to trial. The fact that plaintiff's incarceration necessitated the continuances did not make bringing the case to trial in a timely matter impossible, impracticable, or futile. Plaintiff was aware this was how the court could facilitate his participation, and he should have taken the additional time into account when planning for trial. Moreover, as the trial court stated, the continuances did not stay the proceedings or prevent plaintiff from seeking to specially set the case for trial. Plaintiff thus has not shown that the court abused its discretion by not tolling the days used for continuances for his benefit.

2. Rule for setting trials

The trial court's local rules require long cause civil trials such as this action be set for trial by either a judge ordering the matter to the trial setting process after a case management conference or by a judge who finds that direct trial setting to a date certain is appropriate in a particular case. (Super. Ct. Sacramento County, Local Rules, rule 2.88(B).)

If a judge refers the case to the trial setting process, within 60 days of that referral, the parties must confer and agree on at least three trial dates and three settlement conference dates. Plaintiff's counsel is required to use the court's online submission form for this process. Once the dates are submitted, the court will select the dates and notify plaintiff's counsel via email. Plaintiff's counsel must then serve and file notice of the dates on all parties. Available trial and settlement conference dates are provided on the court's website. (Super. Ct. Sacramento County, Local Rules, rule 2.89(A).)

If the parties cannot agree or fail to timely select dates, the court will select a trial date and a mandatory settlement conference date and serve notice on the parties. (Super. Ct. Sacramento County, Local Rules, rule 2.89(B).)

Plaintiff claims that, because he did not have access to the internet or a direct phone line, the trial setting policy made it impossible for him to select any trial or settlement conference dates. It forced him to rely on the court to set those dates, even though he was prepared to go to trial against defendant. Additionally, plaintiff argues, due to the COVID pandemic and other reasons out of his control, case management conferences for setting the trial date were unavailable from January 2020 until January 2022. He asserts the time from the first case management conference on November 8, 2018, to March 5, 2019, and from January 2020 to January 2022 should be excluded from the five-year deadline.

At the case management conference on November 8, 2018, the trial court referred the case to the trial setting process. Plaintiff contends he informed the court that as an inmate, he had no internet or direct phone line access, and he requested an alternative way to set a trial date. He claims the court informed him there were no alternatives to using the website to set trial. The court requested one of the defense attorneys, Vincent Renda, to assist with the process due to plaintiff's lack of access to the internet or a phone. Although Renda agreed, he never gave plaintiff any assistance. Plaintiff wrote Renda a letter asking about his efforts toward trial setting, but Renda never responded.

8

After the November 8 conference, the trial court convened and continued numerous case management conferences up through March 2022. Finally, at a case management conference on March 18, 2022, the trial court set trial for July 25, 2022, and a mandatory settlement conference for June 15, 2022. Plaintiff argues that because the reasons for these continuances were out of his control, the trial setting process was not available to him until January 2022, making it impossible, impracticable, or futile to make any attempts to set trial during that time period.

The trial court disagreed with plaintiff's argument, and we conclude the trial court did not abuse its discretion. As the trial court found, during the same time period, plaintiff filed numerous papers and letters with the trial court on matters related to the action. Thus, he had the time and ability to file a motion to specially set this matter for trial, which he did not do.

For example, plaintiff filed a discovery motion on December 12, 2018, and a motion to strike on May 13, 2019. He filed a third amended complaint on June 19, 2019. He filed a motion to use a settled statement on appeal, which the trial court granted on June 23, 2020. He filed a request for entry of default against his former spouse on December 7, 2020. He also filed correspondence with the court on at least seven occasions in 2020. These examples demonstrate that plaintiff had the means and ability to file a motion to specially set the matter for trial during this time period.

Plaintiff stated the trial court informed him there were no alternatives to using the court's website to set a trial date. Whether that is true, the statement conflicts with the court's local rule as well as state statute and the rules of court allowing a trial court judge to specially set a case for trial on a party's motion. (§ 36, subd. (e); Cal. Rules of Court, rule 3.1335(a).) While plaintiff, representing himself, may not have been aware of these rules and the ability to file a motion to specially set the case for trial, he is nonetheless charged with knowing all relevant laws and rules applicable to the case. The rules of

9

civil procedure apply equally to parties represented by counsel and parties who represent themselves. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

The trial court thus did not abuse its discretion by finding its rules did not prevent plaintiff from timely commencing trial and that it was not impossible, impracticable, or futile for plaintiff to have filed a motion to specially set the case for trial within the five-year time period.

### 3. Effect of Kratzer's motion practice

After Kratzer was served by publication, he filed numerous motions without answering the complaint. He filed a motion to dismiss due to plaintiff not serving the complaint within three years of filing, which was denied. He filed a motion to stay the proceedings or, alternatively, extend the time for him to respond. He filed a petition for writ of mandate with this court. He also filed demurrers to the second and third amended complaints, the latter of which was sustained without leave to amend.

As part of opposing Kratzer's second demurrer, plaintiff argued that Kratzer's actions had suspended the process for selecting a trial date. He asked the trial court to exclude from the five-year trial deadline the time the trial setting process had been suspended. The trial court declined, stating an opposition to a demurrer was not the proper time for making that determination.

Plaintiff contends that Kratzer's tactics essentially suspended the trial setting process and precluded him from bringing this matter to trial against defendant. He argues these actions were outside his control, and thus the trial court should have excluded from the five-year period the time period within which they occurred, November 25, 2018, until September 16, 2019, a period of 295 days.

The trial court determined that Kratzer's motion practice consisted of ordinary incidents of the proceedings and could not be excluded. Kratzer was within his legal right to challenge the complaint. The trial court did not abuse its discretion with this

10

ruling. The impossibility exception to the five-year period "does 'not contemplate "that time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings and the normal time of waiting for a place on the court's calendar or securing a jury trial is to be excluded from a computation of the five-year period." ' " (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 594.) A defendant is within his legal rights to assert legal challenges against the complaint. (*Ibid*.)

For the reasons stated above, we conclude the trial court did not abuse its discretion when it concluded it was not impossible, impracticable, or futile for plaintiff to have brought this matter to trial within five years from its commencement and when the court did not toll any days due to the time incurred for the continuances it granted for plaintiff's benefit, the application of the court's trial setting process, and the time incurred by Kratzer's motion practice.

## B. Prejudice to Defendant

Plaintiff contends the trial court abused its discretion by not considering the fact that defendant suffered no prejudice from the delay, especially in light of the evidence showing that plaintiff was diligent in prosecuting the matter. Lack of prejudice to the defendant, however, is not a factor courts consider when determining a motion to dismiss under section 583.310. Except as provided by statute, dismissal is mandatory when the action is not brought to trial in five years. (§ 583.360, subd. (b).) As the trial court stated, there is no statute providing that prejudice to the defendant is a factor to consider on a motion to dismiss under section 583.310.

Defendant's citations to authority do not hold otherwise. Most of his authorities concern discretionary dismissal under sections 583.410 and 583.420 and do not apply here. Under those statutes, a court in its discretion may dismiss an action where, for instance, service was not made within two years of commencing the action or the action was not brought to trial within three years. As plaintiff's authorities and other authorities

11

make clear, courts may consider a lack of prejudice to a defendant when deciding whether to dismiss an action under sections 583.410 and 583.420. (*Wong v. Davidian* (1988) 206 Cal.App.3d 264, 269-270; *Cordova v. Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1535; *Troupe v. Courtney* (1985) 169 Cal.App.3d 930, 934; *Hurtado v. Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019, 1031-1032, disapproved on another ground in *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479, fn. 4; see also *Salas v. Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 346-347 [discretionary motion for trial preference before five-year limit expires raises same issues as a motion to dismiss under current sections 583.410 and 583.420, including possible prejudice to the defendant].) This case, however, arises under section 583.310 where a court has no discretion not to dismiss an action that has exceeded the five-year time period.

Plaintiff's citation to *Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354, also does not help him. In that matter, a panel of this court held that the trial court erroneously dismissed an action under section 583.310 where the parties had stipulated to continue the trial. The five-year period may be extended by written stipulation or oral agreement made in open court. (§ 583.330; *Munoz*, at pp. 359-360.) Plaintiff quotes the following statement from the opinion: "The purpose of the five-year dismissal statute is to prevent the prosecution of stale claims where defendants could be prejudiced by loss of evidence and diminished memories of witnesses." (*Munoz*, at p. 358.) While that is a correct statement, it does not supersede a court's mandatory duty under section 583.360 to dismiss a complaint if it has not been brought to trial within five years from its commencement.

The trial court thus did not abuse its discretion when it dismissed the action without considering the possible lack of prejudice to defendant.

C.     Equitable estoppel

Generally, under the doctrine of equitable estoppel, "[i]f a trial court finds statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception." (*Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1341.)  The doctrine applies to motions to dismiss brought under section 583.310.  (*Ibid*.; § 583.140.)

Plaintiff contends equitable estoppel should apply and toll parts of the five-year period because (1) he relied on attorney Renda's agreement to assist him in scheduling case management conferences, which Renda did not do; (2) he relied on a statement purportedly made by the trial court at the November 8, 2018, management conference that Kratzer's late appearance in the case would not affect plaintiff's ability to move the case forward and Kratzer would have to accept whatever trial date was set; (3) he relied on a statement purportedly by the trial court at the June 4, 2019, hearing on Kratzer's demurrer to the second amended complaint that Kratzer's actions and plaintiff's incarceration were situations that could preclude plaintiff's ability to timely bring the case to trial, which gave plaintiff a sense of security against dismissal as long as he remained diligent; and (4) as argued above, the unavailability of case management conferences for two years hindered plaintiff's ability to move the case forward.  We have already addressed the last contention.

The trial court did not abuse its discretion by determining equitable estoppel did not apply to defendant's motion to dismiss.  None of plaintiff's contentions alleges statements or actions by defendant.  They all concern statements and actions by other parties:  another defendant's attorney and the trial court concerning another defendant in whose favor judgment was entered.  As the trial court found, plaintiff does not argue that

13

defendant or his counsel made any representations or acted in a manner that gave him a false sense of security that he had additional time to bring this action to trial.

As for the alleged statements by the trial court, plaintiff does not cite authority holding that equitable estoppel can be applied based on statements made by the court. Equitable estoppel " 'will not apply against a governmental body except in unusual instances when necessary to avoid grave injustice and when the result will not defeat a strong public policy.' " (*City of Goleta v. Superior Court* (2006) 40 Cal.4th 270, 279.)

The trial court did not abuse its discretion holding the court's statements could not have led plaintiff to believe he had additional time to bring this action to trial. Assuming for purposes of argument that the court made the statements as plaintiff alleges, neither statement asserted nor implied the court would toll the five-year period due to Kratzer's actions. The statements thus did not lead to a great injustice when considered in the context of the five-year period plaintiff had to bring the matter to trial and the many times during that period plaintiff could have specially set the trial against defendant.

Plaintiff's authorities do not address estoppel. They merely hold that the five-year period may be tolled for the time a trial court renders prosecution impossible, impracticable, or futile. (See *Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 438 [five-year period tolled between entry of default judgment on plaintiff's behalf and defendant vacating the default]; *Weeks v. Roberts* (1968) 68 Cal.2d 802, 808-809, disapproved on another ground in *Salas v. Sears, Roebuck & Co., supra*, 42 Cal.3d at pp. 348-349 [five-year period tolled for trial court's erroneous vacation of trial date, which made trial impossible].)

The court's statements did not render prosecution impossible, impracticable, or futile. They did not prevent plaintiff from prosecuting the case or setting the case specially for trial. The court thus did not abuse its discretion in finding equitable estoppel did not apply here.

14

D.    Diligence

When determining whether the five-year period should have been tolled due to reasons of impossibility, impracticability, or futility, the trial court must determine whether the plaintiff showed he was reasonably diligent in moving the case to trial at all stages of the proceedings. (*Oswald v. Landmark Builders, Inc., supra*, 97 Cal.App.5th at p. 247.) Plaintiff contends he made that showing.

"[R]easonable diligence alone is not sufficient to protect a party from an involuntary dismissal; rather, reasonable diligence constitutes a guideline by which to assess the existing exceptions of impossibility, impracticability, or futility." (*Baccus v. Superior Court* (1989) 207 Cal.App.3d 1526, 1532-1533.)

The record certainly indicates the difficulties plaintiff encountered in prosecuting this case due to his incarceration and the effect the COVID-19 pandemic had on the operations of the courts. Yet, as plaintiff points out, he was able to make hundreds of filings in the case from its inception to its dismissal, including during the times he claims should be excluded from the five-year limitation. Plaintiff recites this record as evidence of his diligence. But that record also indicates that plaintiff had the ability to file a motion to specially set the matter for trial before the five-year period expired, as the trial court found. On that crucial point, plaintiff was not reasonably diligent.[1]

---

[1]    Defendant has requested we take judicial notice pursuant to Evidence Code section 452 of two requests he filed with this court for additional time to file his opening brief. The request for time filed November 6, 2023, includes copies of correspondence between defendant and the trial court in 2023 regarding his attempts to obtain a settled statement for use in this appeal. In his opening brief, he refers to these attempts generally as evidence of his diligence in prosecuting the matter and of the difficulties he encountered due to his incarceration. While we need not grant judicial notice of his requests for additional time filed in this court, we grant the request for judicial notice as to the documents attached to the request for time filed November 6, 2023, except as to those which do not indicate they are records of the trial court. (Evid. Code, § 452, subd. (d).)

E.     Additional tolling period

Plaintiff argues the five-year period should be tolled an additional 48 days because the trial court sent a notice of an additional designated holiday period from March 18, 2020, through May 5, 2020.  The notice states the court holiday period for civil filings ends on May 5, 2020, and that all civil filings received March 18, 2020, through May 5, 2020, will be filed with a filing date of May 6, 2020.  Plaintiff raised this claim to the trial court, but the court did not address it.

Assuming for purposes of argument that the five-year period should have been extended an additional 48 days from the date the trial court determined plaintiff should have brought the case to trial, April 26, 2021, the court would have determined he had to bring the case to trial by June 14, 2021.  Defendant, however, did not file his motion to dismiss under section 583.310 until March 29, 2022, and the trial court granted it on May 31, 2022.  Thus, any error in not tolling the five-year period for an additional 48 days was harmless and not an abuse of discretion.

F.     Interest of justice

Plaintiff argues that in light of his diligence through the difficulties he faced, the trial court should allow the complaint to be resolved on its merits consistent with the public policy of favoring trial on the merits over expeditious administration of justice through rules compelling prompt and diligent prosecution of actions.

Plaintiff is correct that section 583.310 is to " 'be liberally construed consistent with the policy favoring trial on the merits.' " (*Seto v. Szeto* (2022) 86 Cal.App.5th 76, 85.)  Section 583.130, however, refutes plaintiff's implication that the policy applies regardless of the statutory mandate to dismiss.  The statute states:  "*Except as otherwise provided by statute* or by rule of court adopted pursuant to statute, . . . the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the

16

policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter." (Italics added.)

Section 583.360 is an exception to the policy. It requires a trial court to dismiss an action not brought to trial in five years. There shall be excluded from that period any time where the jurisdiction of the court to try the action was suspended, prosecution was stayed or enjoined, or bringing the action to trial, for any other reason, was impossible, impracticable, or futile, but otherwise the time period is mandatory. (§ 538.430.) Because plaintiff has not established any of these exceptions to the mandatory dismissal rule, and because he did not bring this case to trial within the prescribed time, the trial court had no discretion but to dismiss the action, public policy favoring resolution on the merits notwithstanding. The trial court did not abuse its discretion in doing so.

II

*Entry of Judgment Without Considering Plaintiff's Objections or Motion for Reconsideration*

Plaintiff contends the trial court erred by entering judgment while his motion for reconsideration was pending. He also asserts the court erred by not considering his objections to the proposed judgment before entering judgment.

A.    Background

The trial court granted defendant's motion to dismiss on May 31, 2022. Plaintiff asserts he received the court's ruling on June 8 of that year. He served a motion for reconsideration on defendant on June 9 and mailed the motion to the court the same day. The trial court filed the motion on June 13. The court set a hearing for August 10.

On June 13, defendant served and refiled a proposed judgment and a proposed order. On June 23, the trial court filed the order granting the motion to dismiss and entered judgment against plaintiff.

17

The prior day, June 22, plaintiff had served objections to the proposed judgment. They were not filed until June 27. Also on June 27, defendant served notice of the entry of judgment and the order.

On August 10, the trial court dropped plaintiff's motion for reconsideration from the calendar. The court recognized that the motion had been filed before judgment was entered. But because judgment had been entered, the court had no jurisdiction to entertain the motion.

B.     Analysis

The trial court entered judgment of dismissal on June 23, 2022. After entry of judgment, a trial court has no power to rule on a motion for reconsideration. (*APRI Ins. Co. v. Superior Court* (1999) 76 Cal.App.4th 176, 181 (*APRI Ins.*).) After judgment is entered, a trial court cannot correct judicial error except in accordance with statutory proceedings. A motion for reconsideration is not such a proceeding. (*Id*. at pp. 181-182.)

Even though plaintiff filed his motion before the trial court entered judgment, the issue is jurisdictional. "Once the trial court has entered judgment, it is without power to grant reconsideration. The fact that a motion for reconsideration may have been pending when judgment was entered does not restore this power to the trial court." (*APRI Ins., supra*, 76 Cal.App.4th at p. 182.)

The trial court should not have entered judgment while a timely motion for reconsideration was pending. (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1483.) But because the trial court did not rule on the motion for reconsideration, the entry of judgment had the effect of denying the motion by implication. (*Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1238.) Following entry of judgment, plaintiff should have abandoned the now invalid motion for reconsideration and timely attacked the judgment in one of at least three statutory methods available to him: by motion for new trial, by a motion to vacate, or by filing a

timely notice of appeal. (*Ibid*.) Indeed, plaintiff could have requested the trial court treat his reconsideration motion as a motion for new trial over which the court still had jurisdiction. "California law does not prevent a party from asking a court to relabel a motion." (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 194.)

Plaintiff chose to forego further trial court review. He filed a notice of appeal and contends the trial court erred by entering judgment before resolving his motion for reconsideration. Assuming for the sake of argument the court erred, it is not enough for plaintiff to establish mere error. He must establish the error was prejudicial. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.) We presume plaintiff suffered no prejudicial error unless he can establish there was a reasonable probability he would have obtained a more favorable result had the error not occurred. (*Id.* at pp. 800-801; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

Plaintiff has not argued prejudicial error. It is a fundamental rule of appellate review that the appellant must affirmatively show prejudicial error and spell out in the opening brief exactly how the error caused a miscarriage of justice. (*Scheenstra v. California Dairies, Inc.* (2013) 213 Cal.App.4th 370, 403.) Plaintiff has not argued or shown a reasonable probability that he would have obtained a more favorable result, i.e., not having his complaint dismissed, had the court ruled on his motion for reconsideration. "When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

Turning to plaintiff's objections to the proposed judgment, plaintiff raised three objections: the pending motion for reconsideration, defendant's declaration contained false information, and the proposed judgment was based on the trial court's tentative ruling and not its final ruling. We have already addressed the pending motion for reconsideration. On the second objection, plaintiff does not indicate in his opening brief

what if any misrepresentations respondent made in his declaration; this point is thus forfeited.

As to the third objection, plaintiff does not discuss any discrepancy between the May 19 tentative ruling, the May 31 final ruling where the court adopted its tentative ruling as its final ruling, and the filed order of dismissal. In any event, it is the filed order of dismissal that controls, and the trial court signed that order. Plaintiff's objections are meritless.

## DISPOSITION

The judgment of dismissal is affirmed. Each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____
HULL, Acting P. J.

We concur:

_____
FEINBERG, J.

_____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.